# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VILLA, | CASE NO.   1:10-cv-01148-AWI-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| P.L. VASQUEZ, et al., | (ECF No. 11) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

**SCREENING ORDER**

**I.      PROCEDURAL HISTORY**

On December 7, 2009, Plaintiff Raymond Villa, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Court issued an Order severing Plaintiff's claims from the initial lawsuit filed on behalf of Plaintiff and a number of other prisoners.  (ECF No. 2.)  On October 4, 2010, Plaintiff filed his First Amended Complaint. (ECF No. 11.)  That amended complaint is now before the Court for screening.

**II.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

3   raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

4
5   relief may be granted, or that seek monetary relief from a defendant who is immune from

6   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

7   thereof, that may have been paid, the court shall dismiss the case at any time if the court

8   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

9   granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10
        Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

11
    or immunities secured by the Constitution and laws' of the United States."  Wilder v.

12
    Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

13
14   is not itself a source of substantive rights, but merely provides a method for vindicating

15   federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

16   **III.    SUMMARY OF FIRST AMENDED COMPLAINT**

17
        The Complaint alleges P.L. Vasquez, Warden, Wasco State Prison ("Wasco") and

18
    J. Ortega, Correctional Counselor/Appeal Coordinator, Wasco violated Plaintiff's Eighth

19
20   and Fourteenth Amendment rights.

21        Plaintiff alleges the following:

22        "On or about Nov. 9, 2009, an altercation took place in 'D' Yard - Building 4,

23   between allie [sic] gangs of Bulldogs and Blacks."  (Compl. at 1.)  As a result of the

24   "altercation", members of the two gangs were subjected to cruel and unusual

25

26

27
                                                2

punishment:"[no][1] physical fitness and exercise yard time, (for a period of 2 ½ months,) inhumane treatment, (no access to showers for a period of 1 ½ weeks.) [and] the denial to be able to purchase personal hygiene and grooming products." (Id.)

The Bulldogs and Blacks quickly resolved their differences but the punishments continued. In contrast, when similar situations occurred between Southerners and Whites, their punishments were far less severe. (Id.)

Plaintiff alleges that the aforementioned conduct violated his right to be free from cruel and unusual punishment under the Eighth Amendment and his Fourteenth Amendment right to equal protection under the law. (Id. at 2.)

IV.    ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set

---

[1] Taken on its face Plaintiff's pleading alleges, in part, that he was given physical fitness and exercise yard time as part of the alleged cruel and unusual punishment. In the context of Plaintiff's allegations, Plaintiff almost assuredly intended to allege that he was deprived of exercise yard time. Should Plaintiff chose to amend, he must make this allegation clear.

forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A.      Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint does not link any Defendant to the alleged violations. Plaintiff identifies the alleged violations without attributing the wrongful conduct to any particular

1   Defendant.  There are no factual allegations that tie a single Defendant to any of the

2   offenses alleged.  Attributing liability to "Defendants" generally does not meet the pleading

3   standard.  See, e.g., K'napp v. Yates, 2009 WL 2246781, *2 (E.D. Cal. July 28, 2009).

4

5   The Court will grant Plaintiff leave to amend his complaint so that he might

6   undertake to link specifically identified Defendants to specifically  wrongful conduct.  To

7   state a claim against any of the named Defendants, Plaintiff must set forth sufficient truthful

8   facts to show that each named Defendant personally took some action that violated

9   Plaintiff's constitutional rights.  If he cannot do that with regard to a specific Defendant or

10  Defendants, he should not proceed against that Defendant.  The mere fact that some of

11  the Defendants may have supervised those responsible for the alleged violations is not

12

13  enough.

14  This Complaint does not state a cognizable claim because, in addition to the

15  deficiencies noted below, no factual allegations link any Defendant to any alleged

16  constitutional violations.  If Plaintiff chooses to amend, he must focus on including

17  sufficient truthful factual allegations to satisfy not only the substantive  legal standards set

18  out below, but also section 1983's linkage requirement.

19

20  **B.      Eighth Amendment Cruel and Unusual Punishment**

21  Plaintiff alleges that being prohibited from physical fitness and exercise yard time

22  for approximately ten weeks, access to showers for one and a half weeks, and the

23  canteen's hygiene and grooming products for an unspecified amount of time constitutes

24  cruel and unusual punishment in violation of the Eighth Amendment.

25

26  The Constitution does not mandate comfortable prisons, but neither does it permit

27  inhumane ones.  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The treatment a prisoner

receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.   Helling v. McKinney, 509 U.S. 25, 31 (1993).   In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials.  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety.  See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).   Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson, 501 U.S. at 298), and (2) the prison official possesses a sufficiently culpable state of mind.  Id.  (citing Wilson, 501 U.S. at 297).

Exercise is one of the basic human necessities protected by the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 304 (1991) (regular exercise).  Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well being" of prisoners.  Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners long-term of regular outdoor exercise. Id.

In Spain, the Ninth Circuit held that the deprivation of outdoor exercise constituted cruel and unusual punishment where the inmates were confined to continuous segregation for a period of over four years under harsh conditions.  600 F.2d at 189.  The plaintiffs were in continuous segregation, spending virtually twenty-four hours a day in their cells.  Id. They had little contact with other people, lived in degrading conditions, and there was an

atmosphere of fear and apprehension.  Id.  In addition, the prison provided no programs

of training or rehabilitation.  Id.

The Ninth Circuit has explained that a prison's decisions to order temporary

lockdowns in response to an emergency situation or to ease those restrictions "are delicate

ones, and those charged with them must be given reasonable leeway."  Hayward v.

Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (citations omitted).  A prison lockdown may

not violate the Eighth Amendment where it is necessitated by an emergency, the lockdown

is not indefinite in duration, and restrictions are eased as the emergency permits.  Id.; see

Norwood v. Vance, 591 F.3d 1062, 1069-70 (9th Cir. 2010).  Courts have found that even

lockdowns which deny prisoners out-of-cell exercise for extended periods of time do not

necessarily violate the Eighth Amendment.  See Norwood, 591 F.3d at 1065-66, 1069-70

(finding no violation where the prisoner was denied out-of-cell exercise for increments of

time which totaled almost thirteen out of twenty-four months); Hayes v. Garcia, 461

F.Supp.2d 1198, 1202-03 (S.D. Cal. 2006) (holding that there was no Eighth Amendment

violation where there was a nine-month lockdown with gradual return of normal

programming within that amount of time); Jones v. Garcia, 430 F.Supp.2d 1095, 1108-11

(S.D. Cal. 2006) (holding that the subjective element of the prisoner's claim was not

satisfied by allegations of a lockdown that lasted nearly nine months because it was

prompted by extreme and repeated violence); Hayward, 629 F.2d at 600, 603 (finding a

five-month lockdown did not violate the Constitution because it was temporary in nature

and imposed in response to an emergency situation).

Therefore, to state a claim, Plaintiff must allege sufficient facts showing, in accord

with the guidance provided by the above cases: (1) that the deprivation he suffered (e.g.

1   access to outdoor exercise, showers, and canteen) was, objectively, sufficiently serious;

2   (2) identify the prison official(s) responsible for that deprivation; and (3) show how each

3   official possessed a sufficiently culpable state of mind.

4       **C.       Equal Protection**

5

6       The Equal Protection Clause requires that persons who are similarly situated be

7   treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).

8   An equal protection claim may be established in two ways.  First, a plaintiff establishes an

9   equal protection claim by showing that the defendant has intentionally discriminated

10  against him on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee,

11  250 F.3d at 686.  Under this theory of equal protection, the plaintiff must show that the

12  defendants' actions were a result of the plaintiff's membership in a suspect class, such as

13

14  race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

15       If the plaintiff has made no allegation that he is a member of a protected class or

16  that the defendant acted on the basis of his status as a member of a protected class, he

17  may only establish an equal protection claim by showing that similarly situated individuals

18  were intentionally treated differently without a rational relationship to a legitimate state

19
    purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School
20
    District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375
21

22  F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662,

23  679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must

24  allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was

25  intentionally treated differently from others similarly situated; and (3) there is no rational

26  basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

27

1    **V.    CONCLUSION AND ORDER**

2           Plaintiff's First Amended Complaint does not state a claim for relief under section

3    1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v.

4
     Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must
5
6    demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.

7    Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state

8    a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555

9    (2007)).    Plaintiff must also demonstrate that each named Defendant personally

10   participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

11
            Plaintiff should note that although he has been given the opportunity to amend, it
12
13   is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

14   2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

15   the deficiencies set forth above.

16          Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

17   be complete in itself without reference to any prior pleading.  As a general rule, an

18   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

19
20   57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

21   serves any function in the case.  Therefore, in an amended complaint, as in an original

22   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23   The amended complaint should be clearly and boldly titled "Second Amended Complaint,"

24   refer to the appropriate case number, and be an original signed under penalty of perjury.

25   Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as
26
27   true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint filed October 4, 2010;

2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.


IT IS SO ORDERED.


Dated:      December 29, 2011          /s/ *Michael J. Seng*
ci4d6                                             UNITED STATES MAGISTRATE JUDGE

10