1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAYMOND VILLA,                         CASE NO.    1:10-CV-01148-AWI-MJS (PC)

               Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                       FOR DISMISSAL OF ACTION WITH
     v.                               PREJUDICE FOR FAILURE TO STATE A
                                       CLAIM SUBJECT TO 28 U.S.C. § 1915(g)

P.L. VASQUEZ, et al.,                  (ECF NO. 18)

           Defendants.          FOURTEEN (14) DAY DEADLINE

_____/

     Plaintiff Raymond Villa is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

-1-

immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court screened and dismissed Plaintiff's First Amended Complaint for failure to state a claim, but gave leave to file an amended complaint not later than February 2, 2012. (Order Dismiss. First Am. Compl., ECF No. 15.)

Plaintiff requested an extension of time to file his amended complaint (Mot. Ext. Time, ECF No. 16.) The Court granted the request and extended the time to March 12, 2012. (Order Granting Ext. Time, ECF No. 17.) The March 12, 2012 deadline passed without Plaintiff filing an amended complaint or otherwise responding.

The Court issued an Order to Show Cause why the case should not be dismissed and directed Plaintiff to respond or file an amended complaint by April 30, 2012. (Order to Show Cause, ECF No. 18.) Plaintiff was advised that failure to meet that deadline would result in dismissal of his action. (Id.) The April 30, 2012 deadline has passed without Plaintiff filing any response or amended complaint.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831-32 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure

to comply with local rules. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with court order); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors, (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court has a vast caseload before it and can not indulge Plaintiff's disregard of its orders and rules. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Given Plaintiff's non-responsiveness to the Court's earlier orders and his pro se and in forma pauperis status, "less drastic alternatives" other than those taken to date (i.e., repeated orders to Plaintiff to comply) do not exist and the ultimate sanction of dismissal is

1   warranted. <u>Malone</u>, 833 at 132-33.

2          Plaintiff's Complaint failed to state any cognizable federal claim. He has failed to

3   comply with the Court's orders and rules. No lesser sanction than dismissal is

4   appropriate.

5          Accordingly, it is RECOMMENDED that this matter be DISMISSED WITH

6   PREJUDICE by the District Judge and that dismissal count as a strike under 28 U.S.C.

7   § 1915(g). These Findings and Recommendations are submitted to the United States

8   District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §

9   636(b)(1). Within fourteen (14) days after being served with these Findings and

10  Recommendations, any party may file written objections with the Court and serve a

11  copy on all parties. Such a document should be captioned "Objections to Magistrate

12  Judge's Findings and Recommendations." Any reply to the objections shall be served

13  and filed within ten (10) days after service of the objections. The parties are advised

14  that failure to file objections within the specified time may waive the right to appeal the

15  District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

16

17

18

19  IT IS SO ORDERED.

20

21  Dated:   May 8, 2012          ____ /s/ _Michael J. Seng_____

22                              UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27
                                  -4-