UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VILLA,<br><br>            Plaintiff,<br><br>    v.<br><br>P.L. VASQUEZ , et al.,<br><br>            Defendants.<br>_____/ | CASE NO.   1:10-cv-01148-AWI-MJS (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 22)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On December 7, 2009, Plaintiff Raymond Villa, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Court issued an Order severing Plaintiff's claims from the initial lawsuit filed on behalf of Plaintiff and a number of other prisoners. (ECF No. 2.)  On October 4, 2010, Plaintiff filed his First Amended Complaint. (ECF No. 11.) On December 29, 2011, Plaintiff's First Amended Complaint was screened and dismissed, with leave to amend, for

failure to state a cognizable claim.  (ECF No. 15.)  Plaintiff's Second Amended Complaint (ECF No. 22) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

The Complaint names the following individuals as Defendants: (1) P.L. Vasquez, Warden; (2) J. Ortega, Appeals Coordinator; and (3) "subordinates of the 'D' yard facilities (i.e. Captains, Sergants [sic], and 2nd and 3rd shift Correctional Officers) . . . ."  (Compl. at 1.)

Plaintiff alleges that on November 9, 2009, in D Yard, Building 5 at Wasco State Prison (Wasco), the Defendants willfully and maliciously participated in the violation of Plaintiffs's rights.[1]  (Id. at 1, 2.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Insufficient Pleading

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or

---

[1] Having identified the Defendants, Plaintiff directs the Court to pages one and two of the First Amended Complaint (ECF No. 11) for the factual allegations in support of Plaintiffs's claim.

3

amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The Second Amended Complaint does not include factual allegations describing the alleged violations or otherwise give the Court notice as to what claims Plaintiff intends to plead. The only pertinent allegation is the conclusion that Defendants violated Plaintiff rights. Plaintiff then refers the Court to the factual allegations in the First Amended Complaint. The Court's December 29, 2011, screening order notified Plaintiff that in order to state a claim, he must first adequately link the Defendants to the violations alleged. The Court acknowledges that Plaintiff may have mistakenly believed that he could file an amended complaint curing a pleading deficiency identified by the Court without realleging the facts of the claim. However, the Court's previous screening order provided Plaintiff with the following instruction:

> Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. (ECF No. 15 at 9.)

The Court will provide Plaintiff with one final opportunity to amend. Should Plaintiff choose to amend, he must include all relevant factual allegations in one document; references to facts alleged in preceding complaints will be disregarded. The following sections provide the legal standards the Court believes may be applicable to Plaintiff's

4

claims based on a review of the First Amended Complaint.

### C.     Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Second Amended Complaint does not link any Defendant to the alleged violations. Plaintiff attributes unspecified conduct to the named Defendants without explaining exactly how each individual Defendant participated in the violation of Plaintiff's rights. In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Sweeping conclusory allegations will not

5

suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).

### D. John Doe

"John Doe" defendant liability must also be properly alleged. A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

In his amended complaint, Plaintiff shall either name the "subordinates of the 'D' yard facilities" involved or list them as Doe defendants and describe what each did to violate his rights. If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### E. Eighth Amendment Cruel and Unusual Punishment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also

imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the prison official possesses a sufficiently culpable state of mind. Id. (citing Wilson, 501 U.S. at 297).

Exercise is one of the basic human necessities protected by the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 304 (1991) (regular exercise). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well being" of prisoners. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners long-term of regular outdoor exercise. Id.

In Spain, the Ninth Circuit held that the deprivation of outdoor exercise constituted cruel and unusual punishment where the inmates were confined to continuous segregation for a period of over four years under harsh conditions. 600 F.2d at 189. The plaintiffs were in continuous segregation, spending virtually twenty-four hours a day in their cells. Id. They had little contact with other people, lived in degrading conditions, and there was an atmosphere of fear and apprehension. Id. In addition, the prison provided no programs of training or rehabilitation. Id.

The Ninth Circuit has explained that a prison's decisions to order temporary lockdowns in response to an emergency situation or to ease those restrictions "are delicate

7

ones, and those charged with them must be given reasonable leeway." Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (citations omitted). A prison lockdown may not violate the Eighth Amendment where it is necessitated by an emergency, the lockdown is not indefinite in duration, and restrictions are eased as the emergency permits. Id.; see Norwood v. Vance, 591 F.3d 1062, 1069-70 (9th Cir. 2010). Courts have found that even lockdowns which deny prisoners out-of-cell exercise for extended periods of time do not necessarily violate the Eighth Amendment. See Norwood, 591 F.3d at 1065-66, 1069-70 (finding no violation where the prisoner was denied out-of-cell exercise for increments of time which totaled almost thirteen out of twenty-four months); Hayes v. Garcia, 461 F.Supp.2d 1198, 1202-03 (S.D. Cal. 2006) (holding that there was no Eighth Amendment violation where there was a nine-month lockdown with gradual return of normal programming within that amount of time); Jones v. Garcia, 430 F.Supp.2d 1095, 1108-11 (S.D. Cal. 2006) (holding that the subjective element of the prisoner's claim was not satisfied by allegations of a lockdown that lasted nearly nine months because it was prompted by extreme and repeated violence); Hayward, 629 F.2d at 600, 603 (finding a five-month lockdown did not violate the Constitution because it was temporary in nature and imposed in response to an emergency situation).

Therefore, to state a claim, Plaintiff must allege sufficient facts showing, in accord with the guidance provided by the above cases: (1) that the deprivation he suffered (e.g. access to outdoor exercise, showers, and canteen) was, objectively, sufficiently serious; (2) identify the prison official(s) responsible for that deprivation; and (3) show how each official possessed a sufficiently culpable state of mind.

**F.     Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the plaintiff has made no allegation that he is a member of a protected class or that the defendant acted on the basis of his status as a member of a protected class, he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

## V.     **CONCLUSION AND ORDER**

Plaintiff's Second Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll

v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

**Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.**

The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Second Amended Complaint filed June 26, 2012;

2. Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated:   June 29, 2012              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE