# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAYMOND VILLA,

        Plaintiff,

   v.

P.L. VASQUEZ , et al.,

        Defendants.

_____/

CASE NO.    1:10-cv-01148-AWI-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 24)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

## SCREENING ORDER

### I.   PROCEDURAL HISTORY

On December 7, 2009, Plaintiff Raymond Villa, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Court issued an Order severing Plaintiff's claims from the initial lawsuit filed on behalf of Plaintiff and a number of other prisoners.  (ECF No. 2.)  On October 4, 2010, Plaintiff filed his First Amended Complaint.  (ECF No. 11.)  Plaintiff's First Amended Complaint (ECF No. 11) and Second Amended Complaint (ECF No. 22) were screened

and dismissed, with leave to amend, on December 29, 2011 and June 29, 2012, respectively, for failure to state cognizable claims.  (ECF Nos. 15, 23.)  Plaintiff's Third Amended Complaint (ECF No. 24) is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF THIRD AMENDED COMPLAINT

The Third Amended Complaint names the following Wasco State Prison (Wasco) officials as Defendants: (1) P.L. Vasquez, Warden; (2) J. Ortega, Appeals Coordinator; (3) Reice, Correctional Officer (CO); (4) Rios, CO; (5) Ohara, CO; (6) John Doe 1, D Yard

Captain; and (7) John Doe 2, D Yard Sergeant.

Plaintiff alleges the following:

There was an altercation between Bulldogs and Blacks (prison gangs) on November 9, 2009 in Building 4, D Yard. The incident was quickly resolved. Plaintiff was a Bulldog in Building 5, D Yard. Defendant Does 1 and 2 informed the inmates in Building 5 affiliated with either group not to retaliate as the situation was settled. Does 1 and 2 "willfully and unnecessarily" placed Plaintiff and the other affiliated Bulldog and Blacks in Building 5 on lockdown in spite of the fact that the situation had been resolved. (Compl. at 4.)

During the lockdown Plaintiff witnessed four white inmates jump a Bulldog. The Whites were only locked down for three days. Two weeks afterwards, Whites and Southerners rioted and each group received ten days punitive confinement. (Id. at 5.) Southerners attacked a correctional officer and only received thirty days of cell confinement. (Id. at 7.) Other groups and gangs at Wasco were involved in similar incidents and received little or no punishment while Plaintiff, his fellow Bulldogs, and the Blacks remained on lockdown. (Id. at 5.)

Defendants Ohara, Riece, and Rios were responsible for managing Plaintiff's confinement. (Id.) They denied Plaintiff access to a shower for one and a half weeks, after which Plaintiff was limited to no more than two opportunities to shower each week. (Id. at 5, 6.) At one point Defendant Rios told Plaintiff that, as a Bulldog, he should be used to dog baths. Plaintiff asked Riece if he would be given an opportunity to clean or mop his cell. Riece replied "'I thought you Dogs were use [sic] to rolling around in your own filth!'" (Id. at 6.)

Does 1 and 2 deprived Plaintiff of the minimum one hour per day, five days per

week of exercise time during the lockdown.  The Doe Defendants entered Building 5 and announced that Whites and Southerners regained canteen privileges after four days of restriction while Plaintiff, the Bulldogs, and Blacks remained locked out of the canteen. (Id.)  Plaintiff protested the circumstances of the lockdown via an inmate appeal. Defendant Ortega denied the appeal.  (Id. at 7.)

Plaintiff was confined to his cell nearly twenty-four hours per day for two and a half months.  (Id.)  Title 15 regulations require director or deputy director approval for lockdowns lasting more than ten days, so Warden Vasquez necessarily approved of Plaintiff's conditions.  (Id. at 4.)  Further, the lockdown conditions were so egregious that they could not have been imposed without the written approval of Vasquez.  (Id. at 6.)

Plaintiff contends that the Defendants violated his Eighth Amendment rights and the rights of other Bulldogs.[1]

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.

---

[1] The original complaint in this action included several plaintiffs. (ECF No. 1.) The Court determined that allowing a claim with multiple pro se plaintiffs, at least some of whom were incarcerated, presented procedural problems that can cause delay and confusion. (ECF No. 2.) Accordingly, each plaintiff's claim was severed. (Id.) In the instant Complaint, Plaintiff's basis for relief, at least in part, is the collective suffering allegedly endured by himself and his fellow Bulldogs. The Court ordered that each plaintiff named in the original complaint proceed in separate actions. (Id.) As he is proceeding pro se, Plaintiff may not pursue the interests of others, including fellow Bulldogs who may have shared in his deprivation. See Curry v. California Dept. Of Corrections & Rehabilitation, 2011 WL 855828, *2 (N.D. Cal. Mar. 9, 2011) (citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.")).  Should Plaintiff choose to submit an amended complaint, he must allege facts describing what the Defendants did to him and he may not assert rights on behalf of others.

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.    Eighth Amendment**

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements

5

are met: (1) the deprivation alleged must be, objectively, sufficiently serious, <u>Farmer</u>, 511 U.S. at 834 (<u>citing</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991), and (2) the prison official possesses a sufficiently culpable state of mind. <u>Id.</u> (<u>citing</u> <u>Wilson</u>, 501 U.S. at 297).

Plaintiff alleges that John Does 1 and 2 placed him on lockdown after an altercation between associates of his gang, the Bulldogs, and Blacks. The confinement lasted approximately ten weeks and was managed by Defendants Ohara, Riece, and Rios. Plaintiff was not provided with an hour of exercise five days a week during the confinement. For a week and a half Plaintiff was denied access to a shower and otherwise was only granted a maximum two showers per week. Defendants Riece and Rios occasionally made disparaging comments to Plaintiff based on his Bulldog affiliation. Plaintiff was denied cleaning materials and access to the canteen for an unspecified time during the lockdown.

Prolonged, twenty-four hour per day isolation in a cell without access to exercise can amount to a sufficiently serious deprivation. <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979); <u>see</u>, <u>e.g.</u>, <u>Lopez v. Smith</u>, 203 F.3d 1122, 1133 (9th Cir. 2000) (denial of all exercise lasting six-and-one-half weeks sufficient to invoke Eighth Amendment protection); <u>Allen v. Sakai</u>, 48 F.3d 1082, 10-86-87 (9th Cir. 1994) (permitting inmates only 45 minutes of outdoor exercise per week over a six week period was sufficient to meet the objective element of an Eighth Amendment claim). A lack of sanitation can also be sufficiently serious to establish an Eighth Amendment claim. <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1314 (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."). However, the circumstances, nature, and duration of a deprivation

6

1
2
of these necessities must be considered in determining whether a constitutional violation has occurred.  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
The amended complaint does not contain sufficient factual detail for the Court to determine whether any of the deprivations experienced by Plaintiff were sufficiently serious to satisfy the first element of his Eighth Amendment claim.  For example, Plaintiff does not explain how much exercise time he received, only that he did not receive one hour per day, five days a week.  A temporary denial of outdoor exercise may be permissible.  May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  While a lack of sanitation can be sufficiently serious to implicate the Eighth Amendment, Plaintiff does not allege facts demonstrating that he was unable to keep himself or his cell clean.  A restriction on the number of showers may not rise to the level of a constitutional violation.  See Shapley v. Wolff, 568 F.2d 1310, 1311 (9th Cir.1978) (denial of showers not a constitutional violation when inmates could wash in cells); Toussaint v. McCarthy, 597 F.Supp. 1388, 1411 (N.D. Cal. 1984) (Two showers per week may be sufficient if confined inmate had access to hot running water in his cell).

18
19
20
21
The Court will provide Plaintiff one **final** opportunity to amend his Eighth Amendment claims.  In order to state a claim, Plaintiff must clearly describe the circumstances of the deprivations at issue.

22
23
24
25
26
27
Plaintiff must also allege deliberate indifference.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official

should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  The prison official must "know[] of and disregard[ ] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

### C.   Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff alleges that, as a Bulldog, he is being treated differently than members of

other gangs.  Plaintiff has made no allegation that he is a member of a protected class or that the Defendants acted on the basis of his status as a member of a protected class.  In this case it appears race is incidental to the gang affiliation. Therefore, Plaintiff may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

Plaintiff adequately alleges that he is a member of an identifiable class, but fails to identify similarly situated individuals who received different treatment without a rational basis.  The Bulldogs and Blacks allegedly got into a fight that was quickly resolved. Nevertheless, John Does 1 and 2 determined that a lockdown of the affiliates of each group was necessary.  Bulldogs and Blacks engaged each other in the same altercation and received the same punishment.

Plaintiff's equal protection claim rests on the punishments other gangs received for engaging in different acts of violence.  For example, Plaintiff contends that Whites and Southerners rioted and received only a ten day lockdown term.  It is not clear from the allegations that those gangs are similarly situated to the Bulldogs.  The Bulldogs and Blacks were involved in a separate and different incident.  Plaintiff's illustrations of

9

allegedly disparate treatment involve gangs perpetrating different acts and therefore not similarly situated.  See Thornton, 425 F.3d at 1167; Freeman v. City of Santa Ana, 68 F3d 1180, 1187 (9th Cir. 1995).

        The Court will grant Plaintiff one final opportunity to amend.  In order to state a cognizable Equal Protection claim, Plaintiff must allege that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  If Plaintiff believes other gangs were similarly situated, he must provide facts demonstrating as much.  As pled, the gangs at issue are not sufficiently similar as they engaged in dissimilar prohibited acts.

## V.   CONCLUSION AND ORDER

        Plaintiff's Third Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff one final opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).    Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

        Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

10

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "Fourth Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Third Amended Complaint filed July 31, 2012;

2.     Plaintiff's Third Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to obey a court order.

IT IS SO ORDERED.

Dated:   August 29, 2012          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

11