UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VILLA, | CASE NO.   1:10-cv-01148-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FINDING THAT PLAINTIFF STATES COGNIZABLE CLAIMS AND RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| P.L. VASQUEZ , et al., | |
| Defendants. | (ECF No. 27) |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On December 7, 2009, Plaintiff Raymond Villa, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Court issued an Order severing Plaintiff's claims from the initial lawsuit filed on behalf of Plaintiff and a number of other prisoners. (ECF No. 2.)  On October 4, 2010, Plaintiff filed his First Amended Complaint.  (ECF No. 11.)  Plaintiff's First (ECF No. 11), Second (ECF No. 22), and Third (ECF No. 24) Amended Complaints were each

1

screened and dismissed, with leave to amend, for failure to state cognizable claims. (ECF Nos. 15, 23, and 26.) Plaintiff's Fourth Amended Complaint (ECF No. 27) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF FOURTH AMENDED COMPLAINT

The Fourth Amended Complaint names the following Wasco State Prison (Wasco) officials as Defendants: (1) P.L. Vasquez, Warden; (2) J. Ortega, Appeals Coordinator; (3) John Doe 1, D Yard Captain; (4) John Doe 2, D Yard Sergeant, (5) Riece, Correctional

Officer (CO), D Yard, Building 4; (6) Rios, CO, D Yard, Building 4; and (7) Ohara, CO, D Yard, Building 5.

Plaintiff alleges the following:

There was an altercation between Bulldogs and Blacks (prison gangs) on November 9, 2009 in Building 4, D Yard. The incident was quickly resolved. All inmates housed in D Yard are similarly situated gang members segregated by affiliation. Defendant Does 1 and 2 initiated a lockdown of Bulldog and Black affiliated gang members in Building 5. Plaintiff was a Bulldog in Building 5, D Yard. (Compl. at 4.) The Does instructed Plaintiff and the other affiliated gang members not to retaliate as the situation was resolved. However, the confinement continued. (Id. at 5.)

Defendants Ohara, Riece, and Rios alternated managing the lockdown. For the first ten days Plaintiff was not given an opportunity to shower. After which Ohara allowed Plaintiff no more than two opportunities to shower per week. "But, more often than not, she usually found an excuse to cut the showers off early, or refused to give us showers at all." (Id. at 6.) In spite of repeated requests, Ohara did not once provide Plaintiff with materials to clean his cell.

Plaintiff asked Defendant Rios during his shifts about the inadequate opportunities to shower. Rios responded, "'Why do you need a shower?, you're a Bulldog ain[']t you?, you should be used to taking Dog Bathes!'" (Id. at 7.) Rios repeated such derogatory comments throughout the ten week lockdown. Defendant Riece made similar derogatory references to Plaintiff's gang affiliation when he denied Plaintiff's request for a means to clean his cell. (Id.)

Plaintiff complained to Defendant Doe 2 about being denied adequate showers and

3

cleaning materials. Doe 2 responded, "'This is Ohara's shift, she will run the showers and day program as she sees fit!'" (Id. at 8.)

Some time after the initial ten days on lockdown, Plaintiff asked Does 1 and 2 when privileges would be restored. Doe 1 told Plaintiff that no change was forthcoming. (Id.) Plaintiff filed an inmate grievance seeking an end to the lockdown. Defendant Ortega refused to end the lockdown, but did make an effort to restore normal shower privileges. Plaintiff appealed the continued lockdown to Warden Vasquez. Plaintiff pointed out in his appeal that by this time a much more severe altercation had occurred between gangs on A Yard, also a gang segregated facility, and the participating gangs received only a ten day lockdown. The Warden denied Plaintiff's appeal. (Id. at 9)

Plaintiff remained on lockdown for ten weeks. In addition to the aforementioned conditions, the Defendants provided Plaintiff no opportunity to exercise. (Id. at 10.)

Plaintiff asserts violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection.

**IV.  ANALYSIS**

    **A.  Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the

4

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eighth Amendment

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the prison official possesses a sufficiently culpable state of mind. Id. (citing Wilson, 501 U.S. at 297).

5

Plaintiff alleges that he was locked down for ten weeks without being permitted to exercise, maintain a clean cell, or take regular showers.  Prolonged, twenty-four hour per day isolation in a cell without access to exercise can amount to a sufficiently serious deprivation.  Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979); see, e.g., Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (denial of all exercise for six-and-one-half weeks sufficient to invoke Eighth Amendment protection); Allen v. Sakai, 48 F.3d 1082, 10-86-87 (9th Cir. 1994) (permitting inmates only 45 minutes of outdoor exercise per week over a six week period was sufficient to meet the objective element of an Eighth Amendment claim).  A lack of sanitation can also be sufficiently serious to establish an Eighth Amendment claim.  Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").  Each of the three deprivations Plaintiff complained of satisfies the first element of his Eighth Amendment claim.

Plaintiff alleges that Defendants Ohara, Riece, and Rios were responsible for imposing the conditions described.  Plaintiff questioned each Defendant about their practices.  Ohara dismissed Plaintiff's requests and Riece and Rios responded with derogatory remarks.  Plaintiff also confronted Defendant Does 1 and 2 who each disregarded Plaintiff.  These Defendants were allegedly made aware of Plaintiff's conditions of confinement and took no action to correct the excessive deprivations.  Plaintiff has satisfied the second element of his Eighth Amendment claim against

6

Defendants Ohara, Riece, Rios, John Doe 1, and John Doe 2.[1]  Farmer, 511 U.S. at 837-45 (A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.).

Plaintiff allegedly filed an inmate grievance complaining of his conditions, and it was disregarded by Defendants Ortega and Vasquez.  Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  Plaintiff has described such a circumstance.  Defendants Ortega and Vasquez were allegedly made aware of the conditions endured by Plaintiff shortly after his ten week confinement had begun.  Ortega attempted to restore regular shower access, but neither Defendant acted to prevent the remaining violations that Plaintiff's appeal had made them personally aware. "As prison administrators, [Ortega and Vasquez] are liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help." Jett, 439 F.3d at 1098 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

---

[1] Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the name of the unnamed defendants and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff and the Court will not undertake to investigate the name and identity of the unnamed defendants.

## C. **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff has made no allegation that he is a member of a protected class or that the Defendants acted on the basis of his status as a member of a protected class. In this case it appears race is incidental to the gang affiliation. Therefore, Plaintiff may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff alleges that certain yards at Wasco were reserved for active gang members

and segregated by gang affiliation. Plaintiff, a Bulldog, was assigned to such a yard. Plaintiff alleges that other inmates on his and other gang segregated yards were treated differently without a rational basis. For example, gang members in A Yard received only ten days of lockdown for participating in a larger disturbance than the one that yielded a ten week term for Plaintiff. Plaintiff raised this discrepancy with Defendants Ortega and Vasquez to no avail. These two Defendants were made aware of the disparate treatment and took no corrective action. Plaintiff has adequately alleged that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. However, Plaintiff has failed to allege that any of the remaining Defendants were aware of the unequal treatment and thus does not state an equal protection claim against Defendants Riece, Rios, Ohara, John Doe 1, or John Doe 2.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Fourth Amended Complaint states cognizable claims against the Defendants for the violation of Plaintiff's Eighth Amendment rights and an additional Equal Protection claim against Defendants Ortega and Vasquez alone. Plaintiff has failed to state an Equal Protection claim against Defendants Riece, Rios, Ohara, John Doe 1, and John Doe 2.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be allowed to proceed on his Eighth Amendment claim against Defendants Vasquez, Ortega, Riece, Rios, Ohara, John Doe 1, and John Doe 2; and

2. Plaintiff be allowed to proceed on his Fourteenth Amendment Equal Protection claim against Defendants Vasquez and Ortega; and

3. Plaintiff's Equal Protection claim against Defendants Riece, Rios, Ohara, John Doe 1, and John Doe 2 be dismissed with prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  October 29, 2012            /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE