# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VILLA,<br><br>  Plaintiff,<br><br>v.<br><br>P.L. VASQUEZ,<br><br>  Defendant. | Case No.  1:10-cv-01148-AWI-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS RIECE AND OHARA SHOULD NOT BE DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE OF PROCESS**<br><br>**(ECF Nos. 33 & 34)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Raymond Villa, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on an Eighth Amendment conditions of confinement claim against Defendants Vasquez, Ortega, Riece, Rios, Ohara, John Doe 1, and John Doe 2, and a Fourteenth Amendment equal protection claim against Defendants Vasquez and Ortega.

On March 7, 2013, the Court issued its order directing service upon Defendants Vasquez, Ortega, Riece, Rios, and Ohara by the U.S. Marshal. Defendants Riece and Ohara, both named as correctional officers at Wasco State Prison, could not be located

for service by the Marshal notwithstanding consultation with the California Department of Corrections and Rehabilitation (CDCR) Legal Department, Special Investigator.

Rule 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the [M]arshal's failure to effect service is 'automatically good cause [to extend the service deadline].' " Walker, 14 F.3d at 1422, quoting Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

The Marshal was unable to locate Defendants Riece and Ohara notwithstanding consultation with the Special Investigator. The Marshal has returned summons unexecuted for Defendants Riece and Ohara noting that "per [Special Investigator]

never employed with CDCR, no records." (ECF Nos. 33 & 34.) The Marshal thereupon certified inability to locate these Defendants. (Id.)

Based on this information, the Court finds that the avenues available to locate and serve Defendants Riece and Ohara have been exhausted. Walker, 14 F.3d at 1421-22. It appears that dismissal of Defendants Riece and Ohara from this action is appropriate at this time based on Plaintiff's failure to provide the Marshal with information sufficient to effect timely service of the summons and complaint upon them. However, the Court will provide Plaintiff with an opportunity to show cause why these Defendants should not be dismissed. Fed. R. Civ. P. 4(m).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within fourteen (14) days from the date of service of this order, Plaintiff shall show cause why Defendants Riece and Ohara should not be dismissed from this action due to Plaintiff's failure to provide the U.S. Marshal with information sufficient to effect timely service of the summons and complaint; and

2. The failure to respond to this order or the failure to show cause will result in a recommendation that Defendants Riece and Ohara be dismissed from this action.

IT IS SO ORDERED.

Dated:   October 30, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

3