# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND VILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P.L. VASQUEZ, et al.,<br><br>　　　　Defendants. | Case No.  1:10-cv-01148-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DISMISSING DEFENDANTS RIECE AND OHARA WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE OF PROCESS**<br><br>**(ECF No. 35)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Raymond Villa, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on an Eighth Amendment conditions of confinement claim against Defendants Vasquez, Ortega, Riece, Rios, Ohara, and a Fourteenth Amendment equal protection claim against Defendants Vasquez and Ortega.

I.　**PROCEDURAL BACKGROUND**

On March 7, 2013, the Court issued its order directing service upon Defendants Vasquez, Ortega, Riece, Rios, and Ohara by the U.S. Marshal. Neither Defendant Riece nor Defendant Ohara, named as correctional officers at Wasco State Prison, could be located for service by the Marshal notwithstanding consultation with the

1

California Department of Corrections and Rehabilitation (CDCR) Legal Department, Special Investigator. The Marshal returned summons unexecuted for these Defendants, noting that "per [Special Investigator these Defendants were] never employed with CDCR, no records." (ECF Nos. 33 & 34.)

Plaintiff was ordered to show cause, by not later than November 18, 2013, why Defendants Riece and Ohara should not be dismissed from this action due to Plaintiff's failure to provide the U.S. Marshal with information sufficient to effect timely service of the summons and complaint. (ECF No. 35.) The November 18, 2013 deadline passed without Plaintiff either responding to the order to show cause or seeking an extension of time to do so.

## II. LEGAL STANDARD

Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

## III. DISCUSSION

Plaintiff is proceeding in forma pauperis and entitled to rely on the U.S. Marshal for service of summons and complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Plaintiff should not be penalized for the Marshal's failure to complete service as long as Plaintiff has furnished the information necessary to identify the Defendants. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), quoting Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). However, where, as here, Plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at

1421-22.

The Marshal has certified Plaintiff's service information is insufficient to locate Defendants Riece and Ohara. Plaintiff has not provided additional service information or otherwise responded to the Court's order to show cause.

Accordingly, Defendants Riece and Ohara should be dismissed from the action without prejudice.

**IV.     CONCLUSIONS AND RECOMMENDATIONS**

Plaintiff failed to provide sufficient information for Marshal's service of Defendants Riece and Ohara and failed to show cause why these Defendants should not be dismissed.

Accordingly, for the reasons set forth above, it is HEREBY RECOMMENDED that Defendants Riece and Ohara be dismissed from this action without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 7, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

3